**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116152

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Carlo Rankel, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Immediate Credit Recovery, Inc., <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Carlo Rankel, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Immediate Credit Recovery, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Carlo Rankel is an individual who is a citizen of the State of New York residing in Westchester County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Immediate Credit Recovery, Inc., is a New York Corporation with a principal place of business in Dutchess County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated May 8, 2018. (**Exhibit 1.**")

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. The Letter directs Plaintiff to Defendant's website, pay.icrcollect.com (the "Website").

17. The Website is a "communication" as defined by 15 U.S.C. § 1692a(2).

18. The Website redirects users to a payment portal at https://payicrcollect.virtualcollector.net. (the "Payment Portal")

19. The Payment Portal is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g

20. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

21. The Payment Portal includes a statement, "* Please note that the total amount due is as of the date of access. Due to interest, late charges, and other charges that may vary from day to day, the total amount due on the day you pay may be greater. Therefore, if you pay the amount shown on a future day an adjustment may be necessary." ("the Statement")

22. Interest was not accumulating on the Debt at the time the Letter was sent.

23. Interest was not accumulating on the Debt at the time the Debt was with Defendant.

24. Late charges were not accumulating on the Debt at the time the Letter was sent.

25. Late charges were not accumulating on the Debt at the time the Debt was with Defendant.

26. Other charges were not accruing on the Debt at the time the Letter was sent.

27. Other charges were not accruing on the Debt at the time the Debt was with Defendant.

28. The Statement would lead the least sophisticated consumer to believe that the Debt was accruing interest.

29. The Statement would lead the least sophisticated consumer to believe that the Debt was accruing late charges.

30. The provision of the Statement, when the debt was not accruing interest at the time the letter was sent, is deceptive within the meaning of 15 U.S.C. § 1692e.

31. The provision of the Statement, when the debt was not accruing interest at the time it was with Defendant, is deceptive within the meaning of 15 U.S.C. § 1692e.

32. The provision of the Statement, when the debt was not accruing late charges at the time the letter was sent, is deceptive within the meaning of 15 U.S.C. § 1692e.

33. The provision of the Statement, when the debt was not accruing late charges at the time it was with Defendant, is deceptive within the meaning of 15 U.S.C. § 1692e.

34. The provision of the Statement, when the debt was not accruing other charges at the time the letter was sent, is deceptive within the meaning of 15 U.S.C. § 1692e.

35. The provision of the Statement, when the debt was not accruing other charges at the time it was with Defendant, is deceptive within the meaning of 15 U.S.C. § 1692e.

36. For these reasons, Defendant violated 15 U.S.C. § 1692e.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## SECOND COUNT
### Violation of 15 U.S.C. § 1692g

37. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

38. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

39. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

40. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

41. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

42. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

43. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

44. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

45. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

46. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

47. The provision of the Statement when the debt was not subject to interest would

likely render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

48. The provision of the Statement when the debt was not subject to late charges would likely render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

49. The provision of the Statement when the debt was not subject to other charges would likely render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

50. The provision of the Statement when the debt was not subject to interest would likely render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

51. The provision of the Statement when the debt was not subject to late charges would likely render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

52. The provision of the Statement when the debt was not subject to other charges would likely render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

53. The provision of the Statement when the debt was not subject to interest would likely render the least sophisticated consumer unable to determine the amount of his or her debt.

54. The provision of the Statement when the debt was not subject to late charges would likely render the least sophisticated consumer unable to determine the amount of his or her debt.

55. The provision of the Statement when the debt was not subject to other charges would likely render the least sophisticated consumer unable to determine the amount of his or her debt.

56. The provision of the Statement when the debt was not subject to interest would likely render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest would continue to accrue, or whether the amount of the debt was static.

57. The provision of the Statement when the debt was not subject to late charges would likely render the least sophisticated consumer unable to determine the amount of her debt

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

because the consumer would not know whether late charges would continue to accrue, or whether the amount of the debt was static.

58. The provision of the Statement when the debt was not subject to other charges would likely render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether other charges would continue to accrue, or whether the amount of the debt was static.

59. The provision of the Statement when the debt was not subject to interest did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

60. The provision of the Statement when the debt was not subject to late charges did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

61. The provision of the Statement when the debt was not subject to other charges did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

62. The provision of the Statement when the debt was not subject to interest did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

63. The provision of the Statement when the debt was not subject to late charges did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

64. The provision of the Statement when the debt was not subject to other charges did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

65. The provision of the Statement when the debt was not subject to interest did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

66. The provision of the Statement when the debt was not subject to late charges did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

67. The provision of the Statement when the debt was not subject to other charges did not convey "the amount of the debt" without ambiguity from the perspective of the least

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

sophisticated consumer.

68. The provision of the Statement when the debt was not subject to interest renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

69. The provision of the Statement when the debt was not subject to late charges renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

70. The provision of the Statement when the debt was not subject to other charges renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

## CLASS ALLEGATIONS

71. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt that was neither accumunlating interest nor subject to late charges or other charges, where Defendant sent the consumer a letter directing the consumer to Defendant's website, from one year before the date of this Complaint to the present.

72. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

73. Defendant regularly engages in debt collection.

74. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts that were neither accumunlating interest nor subject to late charges or other charges, where Defendant sent the consumer a letter directing the consumer to Defendant's website.

75. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

76. The prosecution of separate actions by individual members of the Class would

create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

77. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

78. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

   a. Certify this action as a class action; and

   b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

   c. Find that Defendant's actions violate the FDCPA; and

   d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

   e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

   f. Grant Plaintiff's costs; together with

   g. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: September 5, 2018

                              **BARSHAY SANDERS, PLLC**

                              By: __/s/ *Craig B. Sanders*_____
                              Craig B. Sanders, Esq.
                              100 Garden City Plaza, Suite 500
                              Garden City, New York 11530
                              Tel: (516) 203-7600
                              Fax: (516) 706-5055
                              csanders@barshaysanders.com
                              *Attorneys for Plaintiff*
                              Our File No.: 116152